**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SIMEON GRAVESANDE,<br>Defendant. | Criminal Action No. 24-00271 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Defendant Simeon Gravesande's ("Gravesande" or "Defendant") motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). (ECF No. 9.) The United States of America ("Government") opposed the motion (ECF No. 11), and Gravesande filed a reply in further support (ECF No. 12). The Court has considered the parties' submissions as well as the U.S. Probation Office ("Probation") response of non-opposition and decides the motion without oral argument pursuant to Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth below, Gravesande's motion is **GRANTED**.

## I. BACKGROUND

On June 30, 2022, Gravesande pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (*See* Judgment at *1, ECF No. 2-2.) On February 8, 2013, Gravesande was sentenced to time served and three years of supervised release by the Honorable Ann M. Donnelly, U.S.D.J. in the Eastern District of New York. (*Id.* at 2–3.) Gravesande commenced supervision on March 20, 2024, and his term of supervised release is set to expire on

March 19, 2027. (*See* Gov't's Opp'n 2, ECF No. 11.) Gravesande's supervision was transferred to the District of New Jersey on April 11, 2024. (*See* Transfer Order, ECF No. 1.)

On August 5, 2026, Gravesande filed the instant motion for early termination of supervised release, alleging that he has complied with the conditions of supervised release and made positive efforts at rehabilitation. (*See generally* Def.'s Mot., ECF No. 9.) On September 1, 2026, Probation submitted a non-opposition response to Gravesande's motion. On September 18, 2026, the Government filed its opposition (Gov't's Opp'n), and Gravesande filed a reply in further support (Def.'s Reply, ECF No. 12). This matter is now ripe for consideration.

## II. LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1). After considering the applicable factors enumerated in 18 U.S.C. § 3553(a)—specifically, §§ 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7),[1] the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" when it is satisfied that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Granting a motion for early termination of supervised release is committed to the Court's discretion. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). The broad terms "conduct of the defendant" and "interest of justice" permit the Court to consider a wide range of individualized circumstances. *Id.* In exercising that discretion, the Court need not make separate factual findings

[1] The relevant statutory factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

as to every applicable § 3553(a) factor. Rather, "a statement that [the district court] has considered the statutory factors is sufficient." *Id.* (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines likewise contemplate an individualized inquiry into the continuing need for supervision. U.S.S.G. § 5D1.4(b) provides that, "[a]ny time after the expiration of one year of supervised release," the Court may terminate the defendant's remaining term "if the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." The Guideline recommends that the Court make that determination "after an individualized assessment of the need for ongoing supervision" and "following consultation with the government and the probation officer." U.S.S.G. § 5D1.4(b). Relevant, nonexclusive considerations that may inform the Court's individualized assessment include: (1) any history of court-reported violations during supervision; (2) the defendant's demonstrated ability to lawfully self-manage and avoid circumstances likely to result in violations or new criminal conduct; (3) substantial compliance with supervision conditions; (4) engagement in prosocial activities and the availability of prosocial support; (5) a demonstrated reduction in risk level, or maintenance of the lowest risk category, during supervision; and (6) whether termination would jeopardize public safety.[2] U.S.S.G. § 5D1.4 cmt. n.1(B).

Although changed circumstances are not required, *Melvin* recognizes that, because the original sentence was presumed sufficient but not greater than necessary, some intervening development will ordinarily support early termination. 978 F.3d at 53. The absence of such a development, however, does not deprive the Court of discretion to grant early termination, even

[2] In evaluating public safety, the Court may consider, among other matters, the nature of the offense, the defendant's criminal history and institutional record, reintegration and recidivism-avoidance efforts, victim information, and any other relevant circumstance. *Id.*

absent new or unforeseen circumstances, when the defendant's conduct, the pertinent § 3553(a) factors, and the interests of justice establish that ongoing supervision is no longer warranted. *Id*.

**DISCUSSION**

Having reviewed the § 3553(a) factors, Gravesande's conduct, and the interests of justice, the Court concludes early termination of Gravesande's supervised release is warranted.

Gravesande argues that early termination is appropriate because the rehabilitative purpose of supervised release has been met. (Def.'s Mot. 5.) Gravesande notes that during his more than two years of supervision, he maintained full-time employment at Zero Below Trucking Company as a flagger and crossing guard until he was laid off earlier this year, and that he is currently actively seeking work. (*Id*. at 2.) Gravesande states that he relocated to New Jersey to distance himself from the environment that first introduced him to trouble as a young teen. (*Id*.)

Additionally, Gravesande claims he has largely complied with supervision conditions. (*Id*. at 2, 5.) According to Gravesande, he responded quickly to a February 2025 report about his marijuana use, unauthorized travel, and a suspended-license arrest, taking steps to correct these issues, including addressing the traffic charge and reinstating his license. (*Id*. at 5, citing Ex. A, Cert. of Disposition, ECF No. 9-1). He stopped using marijuana immediately and requested permission for out-of-district travel. (*Id*.) Gravesande argues he can support himself and reintegrate, and that ongoing supervision is unnecessary, noting that he has completed 29 of 36 months, has been fully compliant for 18 months since the February 2025 report, and has shown he can remain law-abiding without continued monitoring. (*Id*.)

Finally, Gravesande emphasizes that his family remains close and supportive. (*Id*. at 6.) His mother resides with him in New Jersey, and he maintains a close relationship with his siblings. (Id*.)* Ending supervision would enable him to visit his brother in Atlanta without needing approval

and to travel to Guyana, his first trip there in a decade, to visit his father's grave and connect with extended family. (*Id.*)

Probation submitted a response of non-opposition to Gravesande's motion, noting that while on supervised release, Gravesande has "been mostly compliant with all conditions of supervised release" and that no further incidents of non-compliance have occurred since the filing of the February 2025 report. (Probation's Response 2.) Probation adds that Gravesande has maintained a stable residence, is currently on the "Low Intensity Caseload," and has paid the assessment in full. (*Id.*) Based on this, Probation notes that it does not oppose Gravesande's early termination of supervised release. (*Id.*)

The Government opposes Gravesande's motion, arguing that early termination of supervised release does not serve the interests of justice because, among other things, Gravesande's term was mandated by statute and his compliance, though commendable, is expected and doesn't justify early release. (Gov't's Opp'n 2.) The Government contends that Gravesande's history and characteristics likewise weigh against early termination. (*Id.* at 3.) The Government notes that Gravesande was convicted of at least one prior serious drug felony, including distribution of controlled dangerous substances. (*Id.* at 3, citing Pre-Sentence Report ("PSR") ¶ 32.) The Government emphasizes that Gravesande's past behavior suggests he wasn't deterred despite receiving a prior probation sentence. (*Id.*) The Government maintains that "[c]ontinued supervision places a minimal burden on Gravesande but provides a significant benefit to the community by deterring Defendant from further criminal acts and protecting the public from further crimes." (*Id.* at 4.)

The Court's standard for early termination is broad: it must decide whether "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

3583(e)(1). Gravesande demonstrated substantial compliance with the terms of his supervision; however, compliance alone does not warrant early termination of supervised release in most cases. Beyond substantial compliance, Gravesande has demonstrated lawful self-management, engagement in prosocial activities, and reduced risk, both before and after the isolated incidents described in the February 2025 report. There is no doubt that Gravesande was convicted of a serious drug felony, conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine. However, Gravesande has completed over two years of his three-year supervised release term, and his conduct while on the district's Low Intensity Caseload level of supervision has demonstrated deterrence and rehabilitation through the quick correction of his behavior after the February 2025 report, maintaining steady housing and employment before he was laid off, actively looking for work, relocating away from an offense-related environment, paying the assessment in full, and receiving family support, all factors favoring early termination.

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). After reviewing the record before this Court, including Gravesande's motion and reply briefs, the Government's opposition, Probation's non-opposition, and all relevant filings from Gravesande's criminal case, and after conducting an individualized assessment of the need for ongoing supervision and considering the factors set forth in 18 U.S.C. § 3583(e) and in § 5D1.4, comment. n.1(B), the Court concludes that the rehabilitative purposes of supervised release have been achieved and that terminating supervised release at this juncture is in the interests of justice. Accordingly, the Court grants Gravesande's motion.

## III. CONCLUSION

For the foregoing reasons, Gravesande's motion for early termination of supervised release (ECF No. 9) is **GRANTED**. An appropriate Form of Order accompanies this Opinion.

**DATED**: 9/30/2026

**JULIEN XAVIER NEALS**
**United States District Judge**